## Commonwealth v. Crum

*Michael Rudinski*, for petitioners.
*E. Eugene Yaw*, for intervenor.

RAUP, *P.J.*, WOLLET, *J.*, and SMITH, *J.*, May 7, 1985—Defendant has been charged with offenses under the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972 P.L. 233, 35 P.S. §78-101 et seq. After preliminary arraignment, bail was set by a magistrate. On March 22, 1985, the Honorable Robert J. Wollet reduced bail to $100,000 in cash or good property bail with at least $50,000 of the bail to be cash. On that day petitioners posted bail which included $50,000 cash.

On April 1, 1985, petitioners filed the petition seeking to have the prothonotary pay to them interest on the amount of cash bail which the prothonotary has in his possession. The district attorney has taken the position that he has no standing and presented no argument. The prothonotary was allowed to intervene in the matter to argue the interests of the Commonwealth.

Petitioners argue that the prothonotary acts as fiduciary for the person posting security and is obligated to invest the money for the benefit of that person. The intervenor's position is essentially as stated by the United States Supreme Court in Schilb v.

Kuehel, 404 U.S. 357, 367 (1971): "And one who deposits the full amount of his bail in cash is dispossessed of a productive asset throughout the period of deposit; presumably, at least, its interim possession by the state accrues to the benefit of the state." We agree with the position of the intervenor.

The rule governing the return of bail is Pa.R.Crim.P. 4015(a) which states:

"The issuing authority or the clerk of the court who takes a deposit of bail other than a surety bond, shall furnish to the depositor an itemized receipt of such bail, and note on the transcript or docket the amount deposited, and by whom deposited. When the issuing authority takes such deposit of bail, he shall deliver it with the transcript to the clerk of the court, who shall place such deposit in a bank or other depository approved by the court and keep proper records thereof. Upon full and final disposition of the case, the issuing authority or *the clerk of the court shall return the deposit* promptly after 20 days, less any fees or commissions authorized by law." (Emphasis added.) The court is of the opinion that the plain language of the rule governs our disposition of the petition. It is clear that the Supreme Court, in phrasing the rule, did not intend the party posting bail to receive back any more than what was deposited. No general rule or statute requires the payment of interest to a party who posts cash as bail.

Petitioners point to the Act of June 18, 1982, P.L. 547, 42 P.S. §21061, which sets forth the fees which the prothonotary may collect and does not include interest income. Also Rule 4015 does not expressly permit the retention of interest. However, both of these provisions refer to fees which the prothonotary is authorized to collect for the services which he performs. They do not purport to provide

for the incidental accrual of interest on security in the possession of the prothonotary.

While the language of the Supreme Court in Schilb, supra, is not binding on this court in this case, we agree with the Supreme Court that the possession of cash bail by the Commonwealth deprives its depositor of any benefits which normally accrue to one who possesses such cash. By depositing the cash with the Commonwealth petitioners have guaranteed that defendant will remain free during the pendency of the criminal action. But, they have also forfeited their ability to use the cash to produce income. This is not unfair, it is in the nature of the system.

Further, we are not inclined to require the prothonotary to act as a broker for criminal defendants or their sureties of funds deposited with him. If we were to decide that interest must be paid on bail, we would also have to decide the rate of bail interest he must pay, the manner in which he must invest the bail, his duties and liabilities as to the bail money and its investment, the manner of payment of interest and so forth. Further, the court would be in the position of creating a system for which the prothonotary would have to establish procedures and perform time-consuming bookkeeping chores. It is not appropriate for the court to make such decisions; if the prothonotary is to be required to pay interest on bail, the establishment of such a procedure is more properly left to the legislature.

Finally, the court notes that bearer bonds of the United States or Pennsylvania governments are an acceptable form of bail. Pa.R.Crim.P. 4006(d). When bearer bonds are deposited with the prothonotary the person depositing the bonds continues to receive the interest on the bonds. Defendant is enti-

tled to substitute security under Pa.R.Crim.P. 4009 with the approval of the court. The court would likely allow such a substitution.

### ORDER

And now, this May 7, 1985, the rule to show cause issued April 3, 1985, is dismissed; and it is ordered and directed that the petition to amend bail order is denied. Petitioners may request the substitution of bearer bonds for the cash.